## City of Danville v. Maurice Mitchell.

1.  Practice—*Executions Against Municipal Corporations.*—An award of execution against a municipal corporation in a judgment is an error for which the judgment will be reversed and the cause remanded with directions to the clerk of the court below to amend it by striking out the clause awarding such execution.

Trespass on the Case, for injuries to domestic animals. Appeal from the Circuit Court of Vermilion County; the Hon. Ferdinand Bookwalter, Judge, presiding. Heard in this court at the May term, 1895. Affirmed in part, etc. Opinion filed December 21, 1895.

G. F. Rearick, attorney for appellant.

Lawrence & Lawrence, attorneys for appellee.

Mr. Justice Pleasants delivered the opinion of the Court.

Appellee recovered judgment below on a verdict for $160 damages for injury to his property, alleged to have been due to a defect negligently left in the crossing of a sidewalk from Main street to the freight yard of the Wabash railroad in the city of Danville. All motions were made and exceptions taken to bring the whole case here by the city's appeal.

Until a short time before the accident the street had never been improved. The crossing was of plank, sloping gently for three or four feet to the outer edge of the sidewalk, and thence with a like easy descent to the street by means of a culvert in the ditch. Very heavy loads were hauled to and from the freight yard over it without difficulty. But when the street, some time during the administration of 1891–3, was paved and curbed, the culvert was removed and the descent from the curb, which was perpendicularly from six to twelve inches according to the witnesses, was made much shorter and steeper—almost abrupt.

While in that condition, about three o'clock in the afternoon of the 28th of April, 1893, a son of appellee, with a wagon and team of matched mules was hauling two large

stones from a flat car in the yard to the Gilbert street bridge, several blocks distant. They weighed from 1,500 to 2,000 pounds, and were set in a proper rock frame on the wagon. The team was gentle, and driven carefully. The driver, sitting on the back stone, did not observe the abruptness of the descent from the sidewalk until it was too late to turn and impossible to back. The sudden fall of the fore wheels caused the forward stone to slide out, falling upon one of the hind legs of a mule and so breaking and crushing it as to require that the animal, shown to have been worth $160, should be shot—which was done. The wagon was also broken, and was repaired at a cost of $17.50. No complaint is made of the amount of damages awarded; but the city denied its responsibility for the condition of the crossing, and insisted that if so responsible it had been guilty of no negligence, and the injury was due to a want of proper care on the part of appellee and his driver.

In addition to evidence showing that the city had originally constructed the crossing and reconstructed it time and again, and that it was freely and largely used by the public, the court permitted proof that since the accident a brick crossing was laid there by the railroad company, under and according to the city's direction. Without this the evidence was ample to show it assumed and exercised control in respect to its construction and repair. We see no error in the ruling or in the matter of instructions, certainly none that was material. For the rest this whole case was in questions of pure fact for the jury. With their finding we are quite satisfied.

It appears that in writing up the judgment, the clerk, probably from the mere force of habit, added the usual clause for execution. Had it been noticed below the court would doubtless have caused it to be corrected as a clerical misprision. But it was error, for which the judgment will be reversed and the cause remanded with directions to amend the judgment by striking out that clause at the cost, for such correction only, of the appellee. In all other respects it will be affirmed.

Affirmed in part, and in part reversed and remanded with directions.